IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3448-FL

| | |
|---|---|
| NATHANIEL R. WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TEXTBEHIND, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motions to amend/correct summons (DE 17) and for entry of default and default judgment (DE 18).

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on February 2, 2022, alleging primarily negligence claims against defendant TextBehind, a business entity providing mail services for North Carolina prisons. The court conducted its initial review pursuant to 28 U.S.C. § 1915(e)(2) on July 29, 2022, and allowed the action to proceed. On that same date, the clerk issued summons using the address plaintiff provided for defendant, and the United States Marshals Service thereafter attempted service of process pursuant to 28 U.S.C. § 1915(d). Service was attempted by certified mail, but the package was returned to sender with notation that defendant "does not process privileged legal mail." (DE 13).[1] The court therefore issued a notice to plaintiff of failure to make service within 90 days, explaining that the case was subject to dismissal without prejudice unless he could show good cause to extend the service

---

[1] Because defendant processes personal mail for North Carolina inmates but not legal mail, defendant apparently rejected the service package because it believed the package was legal correspondence for an inmate, as opposed to an attempt to serve defendant itself with the summons and complaint.

deadline under Federal Rule of Civil Procedure 4(m).  In response, plaintiff filed the instant motion to amend/correct summons, providing an alternative address for service of process. Plaintiff also filed the instant motion for entry of default and default judgment, arguing that defendant is attempting to evade service and judgment by default is therefore warranted.

The court construes plaintiff's motion to amend/correct summons as a motion for extension of time to complete service.  Rule 4(m) provides that the deadline for service may be extended if plaintiff shows "good cause" for the failure to make service within 90 days.  The court finds plaintiff has shown good cause to extend the deadline for service for an additional 90 days from the date of this order.  Further, the court will issue new summons using the alternative address plaintiff has provided for service of process and direct the United States Marshals Service to attempt service at the new address.  See 28 U.S.C. § 1915(d).  In the event service is unsuccessful at this new address and plaintiff otherwise fails to perfect service within 90 days from the date of this order, and in the absence of good cause justifying another extension of the service deadline, this action will be dismissed without prejudice.  See Fed. R. Civ. P. 4(m).

Plaintiff's motion for entry of default and for default judgment is premature at this stage where it is unclear whether defendant has been served with the complaint.  Plaintiff may renew this motion in the event service is successful and defendant fails to plead or otherwise defend. See Fed. R. Civ. P. 55.

Based on the foregoing, plaintiff's motion to amend/correct summons (DE 17), construed as a motion to extend the service deadline under Rule 4(m), is GRANTED.  The service deadline is extended to **90 days** from entry of this order.  The clerk is DIRECTED to issue a new summons using the address for defendant plaintiff provided in docket entry 18.  The United States Marshals

Service is DIRECTED to proceed with service of process using this new address, pursuant to 28 U.S.C. § 1915(d). A copy of this order shall be included in the service package. Plaintiff's motion for entry of default and default judgment (DE 18) is DENIED without prejudice.

SO ORDERED, this the 19th day of December, 2022.

LOUISE W. FLANAGAN
United States District Judge